IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LTD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. ) |
| AMBROSE MEDICAL, LLC D/B/A PERFORMANCE MEDICAL CLINIC, LLC, | ) ) ) ) |
| Defendant. | ) ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, SENTINEL INSURANCE COMPANY, LTD ("Sentinel"), by its attorneys, Michael J. Duffy, Michael J. O'Malley, and Deba Alam of Wilson Elser Moskowitz Edelman & Dicker LLP, brings this Complaint for Declaratory Judgment against defendant, AMBROSE MEDICAL, LLC D/B/A PERFORMANCE MEDICAL, LLC ("Ambrose"), and states as follows:

**STATEMENT OF CASE**

1. This action seeks a declaration that Sentinel owes no insurance coverage obligations to Ambrose in connection with a lawsuit styled *Novo Nordisk A/S, et. al. v. Ambrose Medical, LLC d/b/a Performance Medical Clinic*, Case No. 24-cv-11541, pending in the United States District Court for the Northern District of Illinois (the "Underlying Action").

2. A copy of the Complaint filed in the Underlying Action is attached hereto as **Exhibit A.**

**THE PARTIES**

3. Sentinel is an insurance company incorporated under the laws of the State of Connecticut with its principal place of business in Connecticut.

310115678v.1

4. Ambrose is an Illinois Limited Liability Company formed under the laws of the State of Illinois. Upon information and belief, and after conducting a thorough investigation, all of Ambrose's members are individuals and citizens of the State of Illinois.

5. Ambrose's former name is Center for Advanced Medicine, LLC.

## JURISDICTION AND VENUE

6. Sentinel brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 2201.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Ambrose conducts business in this District, a substantial part of the events giving rise to this claim occurred in this District, and the Underlying Action is pending in this District.

## FACTS

A. **THE UNDERLYING ACTION**

8. On November 8, 2024, the affiliated pharmaceutical companies Novo Nordisk a/s and Novo Nordisk, Inc. (collectively, "Underlying Plaintiffs") commenced the Underlying Action against Ambrose alleging that Ambrose sells, promotes, and falsely claims, or otherwise misleadingly suggests, that its unapproved compounded drugs are the same as or equivalent to Underlying Plaintiffs' trademark medicines. *See* Ex. A, ¶¶ 16-17.

9. Underlying Plaintiffs allege that semaglutide, a foundational molecule, serves as the primary ingredient for its three prescription-only medicines: Wegovy, Ozempic, and Rybelsus. *See* Ex. A, ¶ 2.

10. Underlying Plaintiffs allege that they are the only company in the United States with medicines containing semaglutide that are approved by the United States Food and Drug Administration ("FDA") and are the only company authorized to identify those medicines using the following trademarks: Wegovy®, Ozempic®, and Rybelsus®. *See* Ex. A, ¶¶ 3-4.

11. Underlying Plaintiffs allege that Ambrose "uses, markets, and sells to patients compounded drugs products that purport to contain semaglutide" and has falsely and misleadingly represented to patients that its products are FDA-approved, or the same as, or equivalent to, Underlying Plaintiffs' FDA-approved medicines even though the products have not been evaluated by the FDA. *See* Ex. A, ¶¶ 7-8.

12. Underlying Plaintiffs allege that they have not authorized Ambrose to use their marks, have not provided Ambrose with their FDA-approved medicines, and do not sell the semaglutide in the medicines to any compounding pharmacies. *See* Ex. A, ¶ 30.

13. Underlying Plaintiffs allege that Ambrose's conduct is likely to confuse and deceive patients into mistakenly believing that they are purchasing Underlying Plaintiffs' medicines or medicines that have been evaluated by the FDA. *See* Ex. A, ¶ 9.

14. The Underlying Action was brought pursuant to the Lanham Act, related state laws, and the common law arising out of Ambrose's alleged false advertising and unfair deceptive trade practices, and Underlying Plaintiffs' rights in their marks. *See* Ex. A, ¶ 6.

15. Specifically, Underlying Plaintiffs assert the following three causes of action against Ambrose: (1) False and Misleading Advertising and Promotion in Violation of 15 U.S.C. § 1125(a)(1)(B); (2) Unfair Competition in violation of the Common Law; and (3) Deceptive Trade Practices in Violation of 815 Ill. Comp. Stat. Ann. 510/1 *et seq. See* Ex. A.

16. Underlying Plaintiffs request the Court enter judgment against Ambrose finding that it engaged in false and misleading advertising and promotion, engaged in unfair competition and deceptive practices, and that each of those acts was willful. *See* Ex. A, ¶¶ 1-12. They further request the Court preliminarily and permanently enjoin Ambrose and its agents, employees, and successors from, among others, using their marks. *Id.* Lastly, Underlying Plaintiffs seek, among

other things, disgorgement of Ambrose's profits resulting from its infringement of Underlying Plaintiffs' rights and unfair competition as well as punitive damages. *See Id.*

**B.     THE POLICIES**

17.     Sentinel issued the following insurance policies (the "Policies") and true and correct copies of the Policies are attached, respectively, as exhibits as indicated in the following table:

| **Insured** | **Policy No.** | **Inception** | **Expiration** | **Exhibit** |
|---|---|---|---|---|
| Center for Advanced Medicine, LLC | 84SBAUH0335 | 12/1/2014 | 12/1/2015 | **B** |
| Center for Advanced Medicine, LLC | 84SBAUH0335 | 12/1/2015 | 2/1/2016 (cancelled) | **C** |
| Center for Advanced Medicine, LLC | 76SBWIH4815 | 2/1/2016 | 2/1/2017 | **D** |
| Center for Advanced Medicine, LLC | 76SBWIH4815 | 2/1/2017 | 2/1/2018 | **E** |
| Center for Advanced Medicine, LLC | 76SBWIH4815 | 2/1/2018 | 2/1/2019 | **F** |
| Center for Advanced Medicine, LLC | 76SBWIH4815 | 2/1/2019 | 2/1/2020 | **G** |
| Center for Advanced Medicine, LLC | 76SBWIH4815 | 2/1/2020 | 3/30/2020 (cancelled) | **H** |
| Center for Advanced Medicine, LLC | 76SBWBG5741 | 3/30/2020 | 3/30/2021 | **I** |
| Center for Advanced Medicine, LLC | 76SBWBG5741 | 3/30/2021 | 3/30/2022 | **J** |
| Center for Advanced Medicine, LLC | 76SBWBG5741 | 3/30/2022 | 3/30/2023 | **K** |
| Center for Advanced Medicine, LLC | 76SBWBG5741 | 3/30/2023 | 3/30/2024 | **L** |
| Ambrose Medical, LLC | 76SBWBG5741 | 3/30/2024 | 3/30/2025 | **M** |
| Ambrose Medical, LLC | 76SBWBG5741 | 3/30/2025 | 3/30/2026 | **N** |

18.     Subject to their terms and conditions, the Policies provide certain Business Liability Coverage. *See* Exs. B-N.

C. **B**USINESS **L**IABILITY **C**OVERAGE[1]

19. The Business Liability Coverage Part, Form SS 00 08 04 05, states in part:

> A. **COVERAGES**
>
> 1. **BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)**
>
>   *Insuring Agreement*
>
>   *a.* *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.*
>
>   \* \* \*
>
>   *b.* *This insurance applies:*
>
>   > *(1) To "bodily injury" and "property damage" only if:*
>   >
>   > > *(a) The "bodily injury or "property damage is caused by an "occurrence" that takes place in the "coverage territory";*
>   > > *(b) The "bodily injury" or "property damage" occurs during the policy period; and*
>   >
>   > \* \* \*
>   >
>   > *(2) To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.*

*See* Exs. B-N.

20. Section G- Definitions of the Business Liability Coverage Part provides:

---

[1] - While there may be minor variations in wording across certain policies, as highlighted, and definitions are modified by different endorsement forms (*i.e.*, different form numbers), the language in the policies is fundamentally similar, and any variations do not materially impact the coverage determination here.

5

310115678v.1

1. *"Advertisement"* means the widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products or services through:

    a. *(1) Radio;*
    *(2) Television;*
    *(3) Billboard;*
    *(4) Magazine;*
    *(5) Newspaper;*
    b. *The Internet; or [as modified by SS 40 26 03 17 and SS 40 26 06 11]*
    c. *Any other publication that is given widespread public distribution.*

    However, *"advertisement"* does not include:

    a. *The design, printed material, information or images contained in, on or upon the packaging or labeling of any goods or products; or*
    b. *An interactive conversation between or among persons through a computer network.*

2. *"Advertising idea"* means any idea for an *"advertisement".*

\* \* \*

5. *"Bodily injury"* means physical:

    a. *Injury;*
    b. *Sickness; or*
    c. *Disease*

    sustained by a person and, if arising out of the above, mental anguish or death at any time.

\* \* \*

16. *"Occurrence"* means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. *"Personal and advertising injury"* means injury, including consequential *"bodily injury",* arising out of one or more of the following offenses:

    a. *False arrest, detention or imprisonment;*
    b. *Malicious prosecution;*

6

> **c.** *The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person or organization occupies, committed by or on behalf of its owner, landlord or lessor [as modified by SS 00 60 09 15 and SS 41 62 06 11];*
> **d.** *Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;*
> **e.** *Oral, written or electronic publication of material that violates a person's right of privacy;*
> **f.** *Copying, in your "advertisement" or on "your web site", a person's or organization's "advertising idea" or style of "advertisement"; [as modified by SS 00 40 26 03 17 and SS 40 26 06 11];*
> **g.** *Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement" or on "your website"[.] [as modified by SS 00 40 26 03 17 and SS 40 26 06 11];*
> **h.** *[deleted by SS 00 60 09 15] Discrimination that results in humiliation or other injury to the feelings or reputation of a natural person [modified by SS 41 62 06 11]*
>
> *As used in this definition, oral, written or electronic publication includes publication of material in your care, custody or control by someone not authorized to access or distribute that material. [as modified by SS 40 26 03 17 and SS 40 26 06 11]*
>
> *   *   *
>
> **20.** *"Property damage" means:*
>
> **a.** *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*
> **b.** *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*
>
> *As used in this definition, "electronic data" is not tangible property.*
>
> *"Your web site" means a web page or set of interconnected web pages prepared and maintained by you, or by others on your behalf, for the purposes of promoting your goods or services that is accessible over a computer network. [as modified by SS 40 26 03 17 and SS 40 26 06 11]*

*See* Exs. B-N.

7

310115678v.1

21. The Business Liability Coverage Part also contains the following Exclusions:

**B.   EXCLUSIONS**

***1.   Applicable To Business Liability Coverage***

*This insurance does not apply to:*

**a.   *Expected Or Intended Injury***

(1)   *"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property; or*

(2)   *"Personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".*

\*   \*   \*

**p.   *Personal And Advertising Injury***

*"Personal and advertising injury":*

(1)   *Arising out of oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity;*

\*   \*   \*

(5)   *Arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement" or on "your website" [modified by SS 40 26 03 17 and SS 40 26 06 11];*

\*   \*   \*

(7)   (a)   *Arising out of any actual or alleged infringement or violation of any intellectual property rights, such as copyright, patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity. or*

8

  **(b)** *Any injury or damage alleged in any claim or "suit" that also alleges an infringement or violation of any intellectual property right, whether such allegation of infringement or violation is made by you or by any other party involved in the claim or "suit", regardless of whether this insurance would otherwise apply.[2] [as modified by SS 00 60 09 15, SS 40 26 03 17, and SS 40 26 06 11].*

  *However, this exclusion does not apply if the only allegation in the claim or "suit" involving any intellectual property right is limited to:[3]*

  **(1)** *Infringement, in your "advertisement", of*
    **(a)** *Copyright;*
    **(b)** *Slogan; or*
    **(c)** *Title of any literary or artistic work; or*
  **(2)** *Copying in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement" [as modified by SS 00 60 09 15, SS 40 26 03 17, and SS 40 26 06 11].*

*See* Exs. B-N.

**D.** **TENDER AND ACTUAL CONTROVERSY**

  22. On or about November 15, 2024, Ambrose tendered the Underlying Action to Sentinel requesting coverage for the Underlying Action.

  23. Sentinel denies that it owes Ambrose any defense or indemnity obligation under the Policies.

---

[2] Form 40 26 0317 in the 2019-2026 Policies modifies, in part, the Paragraph 7(b) of the Personal and Advertising Exclusion as follows: Any injury or damage alleged in any claim or "suit" that also alleges an infringement or violation of any intellectual property right, whether such allegation of infringement or violation is made ***against*** you or by any other party involved in the claim or "suit", regardless of whether this insurance would otherwise apply" (Emphasis added.)

[3] Form SS 40 26 06 11 in the 2014-2018 Policies modifies, in part, the exception provision of the Personal and Advertising Exclusion as follows: "However, this exclusion does not apply ***to infringement, in your "advertisement" or on "your web site of***…" (Emphasis added.)

9

24. An actual and justiciable controversy exists between Sentinel on the one hand, and Ambrose on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is vested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

**COUNT I**
**No Allegations of "Bodily Injury" or "Property Damage" Caused by an "Occurrence" or of "Personal and Advertising Injury"**

25. Sentinel incorporates and restates the allegations of Paragraph 1 through 24 above as if fully set forth herein.

26. Subject to their terms, the Policies provide coverage for claims for damages because of "bodily injury" or "property damage" caused by an "occurrence" or because of "personal and advertising injury" as those terms are defined and used in the Policies.

27. The Underlying Action does not allege damages because of physical injury, sickness, or disease sustained by a person caused by an accident, nor does it allege physical injury to or loss of use of tangible property caused by an accident.

28. Additionally, the Underlying Action does not allege any of the offenses enumerated in the definition of "personal and advertising injury".

29. Therefore, the Underlying Action does not allege a claim for damages because of "bodily injury" or "property damage" caused by an "occurrence" or because of "personal and advertising injury" as those terms are defined and used in the Policies.

30. Thus, Sentinel owes no defense or indemnity obligations to Ambrose for any claims against it in the Underlying Action.

310115678v.1

## COUNT II
### Expected or Intended Exclusion Bars Coverage

31. Sentinel incorporates and restates the allegations of Paragraph 1 through 24 above as if fully set forth herein.

32. The Expected or Intended Exclusion in the Policies bar coverage for "bodily injury" or "property damage" expected or intended from the standpoint of the insured.

33. The Expected or Intended Exclusion in the Policies also bar coverage for "personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury."

34. The Underlying Action alleges that Ambrose intentionally or willfully engaged in false and misleading advertising and promotion and engaged in unfair competition and deceptive practices.

35. To the extent any "bodily injury", "property damage" or "personal and advertising injury" is alleged in the Underlying Action, which Sentinel denies, the Expected or Intended Exclusion bars coverage under the Policies.

36. Thus, Sentinel owes no defense or indemnity obligations to Ambrose for any claims against it in the Underlying Action.

## COUNT III
### Exclusion p.(7) - Intellectual Property Exclusion Bars Coverage

37. Sentinel incorporates and restates the allegations of Paragraph 1 through 24 above as if fully set forth herein.

38. The Intellectual Property Exclusion in the Policies bars coverage for "personal and advertising injury… arising out of any actual or alleged infringement or violation of any

11

310115678v.1

intellectual property right, such as copyright, patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity."

39. Underlying Plaintiffs bring the Underlying Action pursuant to the Lanham Act, related state laws, and the common law arising out of Underlying Plaintiffs' rights in their marks.

40. Underlying Plaintiffs also seek to preliminarily and permanently enjoin and restrain Ambrose and its agents, employees, and successors from, among other things, using their marks.

41. The Intellectual Property Exclusion precludes coverage under the Policies for the Underlying Action.

42. Thus, Sentinel owes no defense or indemnity obligations to Ambrose for any claims against it in the Underlying Action.

## COUNT IV
## Exclusion p.(1) Knowledge of Falsity Exclusion Bars Coverage

43. Sentinel incorporates and restates the allegations of Paragraph 1 through 24 above as if fully set forth herein.

44. Exclusion p.(1), the Knowledge of Falsity Exclusion, bars coverage for "personal and advertising injury" arising out of oral, written, or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity.

45. Underlying Plaintiffs allege Ambrose unlawfully, falsely, and misleadingly publicizes information by making statements that claim or imply that unapproved compounded drugs have been approved by the FDA or have been reviewed by the FDA for safety, effectiveness, and quality.

46. Underlying Plaintiffs also allege Ambrose uses false or misleading descriptions of fact and false or misleading representation of fact in its commercial advertising or promotions that

12

310115678v.1

misrepresent the nature, characteristics, and/or qualities of Ambrose's business practices and products.

47. To the extent the Underlying Action alleges "personal and advertising injury", which Sentinel denies, Exclusion p.(1), the Knowledge of Falsity Exclusion, bars coverage under the Policies for the Underlying Action.

48. Thus, Sentinel owes no defense or indemnity obligations to Ambrose for any claims against it in the Underlying Action.

## COUNT V
## Exclusion p.(5) - Failure to Conform Exclusion Bars Coverage

49. Sentinel incorporates and restates the allegations of Paragraph 1 through 24 above as if fully set forth herein.

50. Exclusion p.(5), the Failure to Conform Exclusion, bars coverage for "personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in the insured's advertisement or on the insured's website.

51. The Underlying Action alleges Ambrose falsely claims in its promotional materials that its unapproved compounded drugs have been approved by the FDA and have been subjected clinical studies and trial.

52. The Underlying Action also alleges Ambrose deceives parties on its websites and on social mediation regarding the effectiveness of its unapproved compounded drugs by, for example, that "[i]n a recent study," its unapproved compounded drugs resulted in a loss of "over 15% percent [sic] of . . . body fat". *Se*, Ex. A, ¶ 52.

53. To the extent the Underlying Action alleges "personal and advertising injury", which Sentinel denies, Exclusion p.(5), the Failure to Conform Exclusion, bars coverage under the Policies for the Underlying Action.

54. Thus, Sentinel owes no defense or indemnity obligations to Ambrose for any claims against it in the Underlying Action.

## COUNT VI
## No Coverage For Declaratory Relief, Injunctive Relief, Restitution, or Punitive Damages

55. Sentinel incorporates and restates the allegations of Paragraph 1 through 24 above as if fully set forth herein.

56. The Policies provide that, subject to their terms and conditions, Sentinel "will pay those sums that the insured becomes legally obligated to pay as *damages* because of 'bodily injury,' 'property damage' or 'personal and advertising injury.'" (Emphasis added.)

57. Underlying Plaintiffs seek declaratory relief, injunctive relief, restitution, and punitive damages.

58. Declaratory relief, injunctive relief, restitution, and punitive damages are not damages because of "bodily injury," "property damage" or "personal and advertising injury."

59. The Policies do not provide coverage for declaratory relief, injunctive relief, restitution, and punitive damages.

60. Thus, Sentinel owes no coverage obligations to Ambrose for any of these claims in the Underlying Action.

WHEREFORE, SENTINEL INSURANCE COMPANY, LTD respectfully requests this Court enter judgment in its favor declaring that no coverage exists for Ambrose for the claims in the Underlying Action under the Policies, and for such other relief as the Court may deem just and proper.

310115678v.1

Dated: March 31, 2025　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　By: */s/ Michael J. Duffy*

Michael J. Duffy
Michael J. O'Malley
Deba Alam
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Telephone: 312.704.0550 | Fax: 312.704.1522
michael.duffy@wilsonelser.com
michael.o'malley@wilsonelser.com
deba.alam@wilsonelser.com

310115678v.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 31st day of March 2025, the foregoing Plaintiff, Sentinel Insurance Company, Ltd.'s Complaint for Declaratory Judgment was served via the Court's CM/ECF System on all counsel and parties of record.

*/s/ Michael J. Duffy*
**Michael J. Duffy**
